UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA JACKSON and CYNTHIA GANT<br>　　Plaintiffs, | CIVIL ACTION NO.  2:22-cv- |
| VERSUS | JUDGE |
| CN WORLDWIDE, INC.<br>　　Defendant, | MAG. JUDGE |
| ILLINOIS CENTRAL RAILROAD CO.<br>　　Intervenor-Defendant. | |

NOTICE OF REMOVAL
BY DEFENDANTS CN WORLDWIDE, INC. AND
ILLINOIS CENTRAL RAILROAD COMPANY

Defendant CN Worldwide Inc. ("CNWW"), appearing herein solely for the purpose of this removal and without prejudice to any defenses it has or may have to this action, both procedural and substantive, and Intervenor-Defendant Illinois Central Railroad Company ("IC") hereby remove Case No. 41188 from the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, Section B, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under § 1332 and jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), and as grounds for the case's removal state the following:

### I.  Background

1.　On November 3, 2022, Plaintiffs Sheila Jackson and Cynthia Gant filed a Petition for Damages and Request for Class Action Status ("Complaint") in the 23rd Judicial District

Court for the Parish of St. James, State of Louisiana, Section B, styled *Sheila Jackson and Cynthia Gant vs. CN Worldwide, Inc.* Docket No. 41188.

2. Defendant CNWW has not yet been served with the Complaint.

3. On November 30, 2022, IC filed a petition for intervention under La. Code Civ. P. arts. 1032-1033, uniting with defendant CNWW in resisting the Plaintiffs' demand.[1]

4. Under Louisiana law, IC was not required to obtain leave to intervene in the suit as no answer has been filed in the state court suit. La. Code Civ. P. art. 1033.

5. Under Louisiana law, the requirements for intervention are twofold: the intervenor must have a justiciable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. *In re Interdiction of Campbell*, 01-863 (La. App. 5 Cir. 1/15/02, 4–5); 807 So.2d 908, 910 (internal citations omitted). A "justiciable interest" is defined as "the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." *Id.* The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. *Id.*

6. IC was the carrier of the railroad car and owner of the railroad tracks involved in the derailment that is the subject of the Petition.

7. Therefore, IC has a justiciable interest in these proceedings, and IC's rights are substantially related to the facts of the Petition such that a judgment in favor of Plaintiffs would have a direct impact on IC's rights. If a judgment is obtained in Plaintiffs' favor related to the carrier's role in this case, IC would be the entity called upon to satisfy any such judgment. Thus,

---

[1] La. Code Civ. P. art. 1091 *et seq.*

IC satisfies the above criteria for intervention, given that IC – not CNWW– was the carrier of the railroad car in question.

8. Accordingly, IC is presently joined in intervention as an aligned defendant in this action. *Tucker v. Equifirst Corp.*, 57 F.Supp.3d 1347, 1349 (S.D. Ala. 2014) (citing 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3730 (4th ed. 2014); *see also Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1075 (5th Cir. 1980) (FDIC held to be a party entitled to remove even though not formally named in complaint or formally added as intervenor).

9. Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon or obtained by Defendants are attached as Exhibit A.

## II. Diversity Jurisdiction

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446 in that it is an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11. Plaintiffs are residents and citizens of the state of Louisiana, specifically residents of St. James Parish.[2] Plaintiffs likewise represent a class of similarly situated individuals in the community of Paulina, LA.[3] Defendant CNWW is incorporated under the laws of the country of Canada and maintains its registered office under the Canadian Business Corporations Act in Brampton, Ontario. Intervenor-Defendant, IC, is an Illinois corporation, a common carrier by railroad, incorporated under the laws of Illinois and maintains its principal place of business in Homewood, Illinois. As a result, Plaintiffs are citizens of Louisiana and, for purposes of 28

---

[2] Complaint at opening paragraph.
[3] Complaint at para. 14.

U.S.C. § 1332 (c)(1), Defendants are citizens of Illinois and Canada. Accordingly, there exists complete diversity of citizenship between Plaintiffs on the one hand and Defendants on the other.

12.    This is a civil action wherein the amount in controversy, according to Plaintiffs' Complaint, may reasonably exceed the sum of $75,000.00, exclusive of interest and costs. In the Complaint, Plaintiffs claim damages due to an alleged "release of toxic, noxious, and harmful chemicals" and claim injuries for "throat irritation," "sinus irritation," "fear and fright," "emotional and mental anguish," "inconvenience," "pain and suffering," "psychiatric and psychological damages," "evacuation, shelter in place, and property damage." Although Defendants deny liability, considering Plaintiffs' claims for damages, related to a high profile "train derailment and the subsequent release of alleged toxic, noxious, and harmful chemicals on the afternoon of Wednesday, November 2, 2022,"[4] this is the type of case wherein the damages sought may reasonably exceed $75,000.00, such that Defendants may remove this action. *See, e.g., Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 212 n.20 (5th Cir. 2002); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming the district court's denial of plaintiff's motion to remand because allegations of damages for physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, and loss of wages and earning capacity supported monetary basis for removal jurisdiction); *see also* 28 U.S.C. § 1446(c)(2). Indeed, this action stems from a heavily reported alleged toxic tort incident in St. James Parish with a reported evacuation zone.[5]

### III. CAFA Jurisdiction

13.    This Court also has subject matter jurisdiction over Plaintiffs' action under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action"

---

[4] Complaint at para. 4.
[5] https://abcn.ws/3zECLTH

4

as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant" and/or "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. §1332(d)(2).

14. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs specifically allege that their Complaint is asserted as a class action, citing Louisiana Code of Civil Procedure Article 591 *et seq*.[6] Actions seeking class treatment under such provision are "class actions" for purposes of CAFA. *See, e.g.*, *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (complaint filed under Louisiana Code of Civil Procedure Article 591 is a class action for purposes of CAFA).

15. As previously stated, Plaintiffs are residents of, and domiciled in, the Parish of St. James in the State of Louisiana,[7] and Defendants are citizens of Canada and Illinois.[8] Because there is complete diversity, there is also minimal diversity in accordance with the requirements of CAFA and 28 U.S.C. § 1332(d).

16. Plaintiffs allege that they represent and bring this action on behalf of a proposed class consisting of "those persons in or near the community of Paulina, Louisiana, who sustained compensable damages from the fault of the defendant as specified herein."[9] Plaintiffs claim compensatory damages for "throat irritation," "sinus irritation," "fear and fright," "emotional and mental anguish," "inconvenience," "pain and suffering," "psychiatric and psychological

---

[6] Complaint at para. 13.
[7] Complaint at opening paragraph.
[8] *See supra* Subsection II, para. 7.
[9] Complaint at para. 14.

damages," "evacuation, shelter in place, and property damage" due to an alleged "release of toxic, noxious, and harmful chemicals."[10] These pleadings implicate the jurisdictional minimum under CAFA.

17. Original jurisdiction under CAFA exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2). In its notice of removal, Defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone … the court [may] make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim"). The proposed class is undefined but, under the Complaint, may include any person domiciled within Paulina, Louisiana.[11] On information and belief, the population of Paulina, Louisiana is greater than 1,770 people. Under CAFA, "the *potential* size of the proposed plaintiff class" should be considered when evaluating the amount in controversy. *Ictech-Bendeck v. Progressive Waste Sols. of LA, Inc.*, 367 F.Supp.3d 555, 561 (E.D. La. 2019) (emphasis added).

18. Again, Plaintiffs seek compensatory damages for "throat irritation," "sinus irritation," "fear and fright," "emotional and mental anguish," "inconvenience," "pain and suffering," "psychiatric and psychological damages," "evacuation, shelter in place, and property damage." As a result, even a modest alleged damage amount for each proposed class member would exceed $5,000,000.

---

[10] Complaint at para. 3-4, 10-11.
[11] Complaint at para. 14.

19. For these reasons, the $5,000,000 jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

### IV. Procedural Averments

20. The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, where this action was originally filed, is within the federal judicial district for the Eastern District of Louisiana.

21. Defendant respectfully requests that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

22. Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the 23rd Judicial District Court for the Parish of St. James, State of Louisiana. Defendant has also served Plaintiffs' counsel with a copy of this Notice of Removal. A copy of the Notice to State Court of Filing Notice of Removal is attached hereto as Exhibit B.

23. Exhibit A includes all process, pleadings, and orders of which Defendant is aware to date, pursuant to 28 U.S.C. § 1446(a)

24. This Notice of Removal is filed within thirty days of the filing of Plaintiffs' Complaint in state court. Defendants have not yet been served. In short, removal is timely under 28 U.S.C. § 1446. Thus, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446.

**WHEREFORE**, Defendants CN Worldwide, Inc. and Illinois Central Railroad Company hereby remove Case No. 41188 from the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, Section B, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA, LLC

_____
BRADLEY R. BELSOME, T.A. (#27958)
MICHAEL C. MIMS (#33991)
CRYSTAL E. DOMREIS (#31716)
BRODIE G. GLENN (#33152)
CHRISTOPHER R. HANDY (#38768)
bbelsome@bradleyfirm.com
mmims@bradleyfirm.com
cdomreis@bradleyfirm.com
bglenn@bradleyfirm.com
chandy@bradleyfirm.com
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
Telephone: (504) 596-6300
Facsimile: (504) 596-6301

*Attorneys for Defendants CN Worldwide, Inc. and Illinois Central Railroad Co.*

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 2d day of December, 2022, served a copy of the foregoing pleading in accordance with LR 5.4 upon all counsel of record for the parties named herein via facsimile transmission, email, or by placing same in the U. S. mail, postage prepaid and properly addressed to the following:

> Sheila Jackson and Cynthia Gant
> **Through Counsel of Record**
> Travis J. Turner
> TURNER LAW FIRM, LLC
> 413 W. Main St.
> Gonzalez, LA 70737

_____