UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA JACKSON, ET AL. | CIVIL ACTION |
| VERSUS | NO. 22-4763 |
| CN WORLDWIDE, INC., ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is a motion to dismiss under Fed. R. Civ. P. 12(b)(2) filed by defendant CN Worldwide, Inc. ("CNWW").[1] Plaintiffs do not oppose the motion. For the following reasons, the Court grants the motion to dismiss.

### I. BACKGROUND

This case arises out of a train derailment in Paulina, Louisiana, on November 2, 2022, which caused hydrochloric acid to be released into the environment.[2] On November 30, 2022, CNWW was sued in the 23rd Judicial District Court for the Parish of St. James by plaintiffs, purported representatives of a putative class of individuals that reside in and around Paulina.[3] CNWW then removed the case to this Court on

---

[1] R. Doc. 6.
[2] R. Doc. 1-1 at 4 (Complaint ¶ 2).
[3] *Id.*

December 2, 2022.[4] Further, Illinois Central Railroad Company ("Illinois Central") has intervened in this matter and contends that its employees operated the train that derailed.[5] CNWW now moves to dismiss the claims against it for lack of personal jurisdiction.[6] CNWW asserts that: (1) it is not subject to general personal jurisdiction in Louisiana, and (2) because it did not own or operate the train that derailed on November 2, there are no "minimum contacts" with Louisiana relevant to this matter such that it is subject to specific personal jurisdiction in this state.[7] Plaintiffs do not oppose the motion.

The Court considers the motion below.

## II. LEGAL STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (internal citation omitted). When a nonresident defendant

---

[4] R. Doc. 1.
[5] R. Doc. 5.
[6] R. Doc. 6.
[7] R. Doc. 6-1 at 1-6.

2

moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing. *Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal

due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)(citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th

Cir.2001). *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853–54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n.8. Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

"When the cause of action relates to the defendant's contact with the forum, the 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the

5

plaintiff." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir.1987); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). This restriction on the minimum contacts inquiry ensures that the defendant "purposefully availed" itself of the benefits of the forum state such that it could "reasonably anticipate being haled into court there." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000)(internal quotations omitted) (quoting *Burger King*, 471 U.S. at 474); *see also Bearry*, 818 F.2d at 375.

## III. DISCUSSION

Plaintiffs do not oppose CNWW's motion to dismiss. The Fifth Circuit has not explicitly addressed how district courts should consider unopposed motions to dismiss for lack of personal jurisdiction. *State Farm Fire & Cas. Co. v. Diva Limousine, Ltd.*, No. 13-6656, 2014 WL 4450427, at *4 (E.D. La. Sept. 10, 2014). District courts in the Fifth Circuit have generally resolved unopposed motions to dismiss for lack of personal jurisdiction by asking whether the plaintiff's complaint

6

alleges a *prima facie* case of personal jurisdiction. *See id.* (collecting cases). But the Fifth Circuit has explained that in deciding a 12(b)(2) motion to dismiss, the district court may consider "the entire record" and may receive "affidavits, interrogatories, depositions, oral testimony, or any combination of recognized methods of discovery." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). The Court is afforded "considerable leeway" in resolving the motion. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (5th Cir. 1981). Here, the Court considers uncontroverted record evidence where it adds color to the allegations in plaintiffs' complaint.

### A. General Personal Jurisdiction

Plaintiffs' complaint does not allege a *prima facie* case of general personal jurisdiction. To establish general personal jurisdiction, plaintiffs must show "continuous and systematic" contacts such that CNWW is "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919. Plaintiffs have not alleged such contacts. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) ("[V]ague and overgeneralized assertions that give no

7

indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction."). The Fifth Circuit has stated that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)). Here, plaintiffs merely allege that CNWW is "an entity authorized to and doing business in the state of Louisiana."[8] Further, CNWW points to a sworn affidavit by, Jody Evely—Assistant Vice President and General Counsel for the U.S. companies that are indirect subsidiaries of Canadian National Railway Company, including Illinois Central—attesting that CNWW is a Canadian corporation organized under the Canadian Corporations Act, and that its principal place of business is located in the Canadian province of Ontario.[9] Accordingly, CNWW is not subject to general personal jurisdiction in Louisiana.

---

[8]  R. Doc. 1-1 at 4 (Complaint ¶ 1).
[9]  R. Doc. 6-3 at 1 (Declaration of Jody Evely ¶ 7).

8

### B. Specific Personal Jurisdiction

The Court finds that CNWW is not subject to specific personal jurisdiction, either. Because the Louisiana Long Arm Statute is coextensive with constitutional due process, "the Court need only determine if a non-resident party has the requisite contacts with the State of Louisiana necessary to satisfy the due process requirements of the Constitution of the United States for the assertion of in personam jurisdiction." *Gulf S. Med. & Surgical Inst. v. Pan Am. Life Ins. Co.*, No. 91-4649, 1992 WL 202346, at *1 (E.D. La. Aug. 12, 1992). "The exercise of personal jurisdiction comports with due process where: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with that state; and (2) the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 367 (5th Cir. 2010). Further, the litigation must arise out of the defendant's contacts with the forum state. *Panda Brandywine Corp.*, 253 F.3d at 867.

Here, CNWW once again points to the Evely affidavit, in which she attests that CNWW is not a railroad company and does not own or

9

operate trains.[10] Evely, in her sworn affidavit, states that: (1) CNWW is a corporate affiliate of Canadian National Railway Company, but CNWW itself is not a railroad company and is not in the business of operating railroads; (2) CNWW and Illinois Central are wholly separate and distinct corporations; (3) neither CNWW nor any of its employees were operating the train that derailed on November 2, 2022; (4) neither CNWW nor any of its employees were responsible for or performed any maintenance or repair on the line of track that runs through Paulina, Louisiana; and (5) CNWW did not own or maintain any railroad cars on the train that derailed.[11] Therefore, CNWW contends that it has no purposeful "minimum contacts" with Louisiana giving rise to plaintiffs' claims and is not subject to personal jurisdiction. As plaintiffs do not contest CNWW's argument and evidence as to why it is has no purposeful contacts with Louisiana, the Court grants CNWW's motion.

## IV.   CONCLUSION

---

[10]   R. Doc. 6-3 at 2 (Declaration of Jody Evely ¶ 11).
[11]   *Id.* at 2 (Declaration of Jody Evely ¶¶ 8-16).

For all of the foregoing reasons, defendant's motion is GRANTED. Plaintiffs' claims against CNWW are hereby DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __30th__ day of March, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE